UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL EXPRESS LINES, INC., | No. 2:24-cv-01639-DAD-DB |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | (Doc. No. 5) |

This matter is before the court on the motion to dismiss filed by defendant JPMorgan Chase Bank N.A. on July 12, 2024. (Doc. No. 5.) The pending motion was taken under submission on the papers on August 2, 2024. (Doc. No. 7.) For the reasons explained below, the court will grant in part and deny in part defendant's motion to dismiss, with leave to amend also being granted.

**BACKGROUND**

On May 2, 2024, plaintiff Capital Express Lines, Inc. filed the complaint initiating this lawsuit against defendant JPMorgan Chase Bank, N.A. ("defendant") and Doe defendants 1–10 in the Sacramento County Superior Court. (Doc. No. 1-1 at 3–6.) Defendant removed the action to this federal court on June 7, 2024. (Doc. No. 1.) In its complaint, plaintiff alleges as follows.

/////

1

1    Plaintiff is a transportation business. (Doc. No. 1-1 at ¶ 8.) Plaintiff receives payments
2    from its customers via check and Automated Clearing House ("ACH"). (*Id.*) Plaintiff provides
3    ACH information to customers to facilitate these payments. (*Id.*) In March 2024, plaintiff
4    became aware that some of its clients had issued an ACH and/or checks to an incorrect account
5    that was fraudulently created through defendant. (*Id.* at ¶ 9.) Plaintiff immediately informed
6    defendant, requesting the account be closed and/or suspended, monies be directed to plaintiff, and
7    plaintiff be given the opportunity to review banking activity to protect plaintiff against further
8    financial injury and to estimate the risk of further financial injury. (*Id.*) Defendant indicated it
9    was investigating the matter. (*Id.*) In April 2024, plaintiff became aware of additional deposits
10   into the same fraudulent account with defendant. (*Id.* at ¶ 10.)

11   Based on these allegations, plaintiff brings two claims against defendant in this action—
12   restitution and accounting.

13   On July 12, 2024, defendant filed the pending motion to dismiss plaintiff's complaint in
14   its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.) On July 25, 2024,
15   plaintiff filed an opposition to the motion, and on August 2, 2024, defendant filed its reply
16   thereto. (Doc. Nos. 6, 8.) Additionally, plaintiff requests that the court take judicial notice of
17   certain documents attached as exhibits to its opposition. (Doc. No. 6 at 4 n.2, 8–26.) Plaintiff
18   purports to add allegations to its complaint based on those documents. (*See id.* at 4–5, 8–26.)

**LEGAL STANDARD**

20   The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
21   sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
22   1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
23   sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901
24   F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to
25   relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A
26   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
27   the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
28   *Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider materials outside the pleadings if those documents are attached to the complaint, incorporated by reference in the complaint, or are matters of which judicial notice is taken. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). Pursuant to Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Documents that constitute "matters of public record" may be judicially noticed. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

1    However, "[j]ust because the document itself is susceptible to judicial notice does not
2    mean that every assertion of fact within that document is judicially noticeable for its truth."
3    *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). For this reason, courts
4    may not take judicial notice of a fact contained within a document if that fact "is subject to
5    varying interpretations, and there is reasonable dispute as to what [the document] establishes."
6    *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011).

## DISCUSSION

**A.     Request for Judicial Notice**

9    Plaintiff requests that the court take judicial notice of three documents attached as exhibits
10   to its opposition to the pending motion to dismiss—exhibits 1–3. (Doc. No. 6 at 4 n.2, 8–26.)
11   Plaintiff does not appear to request that the court take judicial notice of two other exhibits
12   attached to its opposition—exhibits 4–5. (*Id.* at 4.) The court declines to take judicial notice of
13   any of plaintiff's exhibits because plaintiff improperly seeks to use these exhibits to supplement
14   the allegations of its complaint.

15   As a preliminary matter, plaintiff's exhibits 1–3 are filings with the California Secretary
16   of State. (*Id.* at 8–14.) Such public filings are typically judicially noticeable. *Mesa v. Am. Gen.*
17   *Life Ins. Co.*, No. 1:19-cv-01393-DAD-EPG, 2020 WL 374354, at *3 (E.D. Cal. Jan. 23, 2020)
18   (taking judicial notice of a registration statement because it is "a public filing with the California
19   Secretary of State").

20   However, defendant argues that the purported facts contained within the exhibits
21   constitute impermissible new allegations in support of plaintiff's claims that must be disregarded
22   for purposes of ruling on their motion to dismiss. (Doc. No. 8 at 2.) The court agrees. "In
23   determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the
24   complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's
25   motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).
26   Even judicially noticed facts cannot supplement the allegations of a plaintiff's complaint. *See*
27   *e.g.*, *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1350 (C.D. Cal.
28   2014) ("Because the documents are SEC filings, they are proper subjects of judicial notice.

4

1  Defendants contend, however, that the court should decline to take judicial notice of the
2  documents because plaintiffs are attempting to use them to supplement allegations included in the
3  complaint. . . . Plaintiffs cannot utilize the documents to amend the complaint and defeat
4  defendants' motions to dismiss. . . . Consequently, the court declines to take judicial notice of the
5  individual defendants' Forms 4."); *Schulenburg v. Handel's Enters., Inc.*, No. 18-cv-513-GPC-
6  WVG, 2018 WL 3020206, at *2 (S.D. Cal. June 18, 2018) ("Dismissal under Federal Rule of
7  Civil Procedure ('Rule') 12(b)(6) for 'failure to state a claim upon which relief can be granted[']
8  requires the Court to look at facts alleged in the complaint, and not facts contained in [the
9  d]efendant's opposition or documents contained in a request for judicial notice.").

10  Here, plaintiff attempts to use the attached exhibits to supplement its complaint with the
11  following additional allegations:  The third party opened the account with defendant under
12  "Capital Express Lines, LLC," which is the exact same name as plaintiff.  (Doc. No. 6 at 4, 19–
13  26) (citing exhibit 5).  Plaintiff is controlled by Gurdip Samra, its CEO.  (*Id.* at 4 n.2, 8–14)
14  (citing exhibits 1–3).  Dharmender Samra was the member of a previously terminated entity with
15  the same name, and the entity was terminated on June 22, 2018.  (*Id.* at 4 n.2, 15–18) (citing
16  exhibit 4).  The third party directed plaintiff's customers to deposit their funds into an ACH
17  through an account with defendant and stolen checks from plaintiff.  (*Id.* at 4, 19–26) (citing
18  exhibit 5).  The deposited checks expressly reference defendant on the endorsement.  (*Id.*) (citing
19  exhibit 5).  After informal efforts by plaintiff in April 2024 to notify defendant of the issue,
20  plaintiff notified defendant in writing.  (*Id.*) (citing exhibit 5).  Without citing to any exhibits,
21  plaintiff also references further harm purportedly suffered since plaintiff filed the complaint.
22  (Doc. No. 6 at 4–5.)  In its opposition to the pending motion to dismiss, plaintiff relies on these
23  new factual allegations to argue, among other things, that defendant had an obligation to prevent
24  the third party from opening the offending account.  (*Id.* at 5–6.)

25  While it would not be appropriate to take judicial notice of exhibits 1–3, *see Oklahoma*
26  *Firefighters Pension*, 50 F. Supp. 3d at 1350, "[f]acts raised for the first time in [a] plaintiff's
27  opposition papers should be considered by the court in determining whether to grant leave to
28  amend or to dismiss with or without prejudice," *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th

Cir. 2003). Therefore, the court will not consider any new factual allegations included in plaintiff's opposition or the exhibits thereto when evaluating whether to grant defendant's motion to dismiss, but will consider such allegations in determining whether leave to amend should be granted.

**B.     Motion to Dismiss Pursuant to Rule 12(b)(6)**

      1.     <u>Plaintiff's First Cause of Action for Restitution</u>

In moving to dismiss, defendant argues that plaintiff's complaint fails to state a claim for quasi-contract seeking restitution.[1] (Doc. No. 5 at 4–5.) As defendant highlights, (*id.* at 4–5), a quasi-contract claim for restitution requires a plaintiff to "show that (1) the defendant received a benefit from the plaintiff, and (2) it would be unjust for the defendant to retain that benefit," *Produce Int'l, LLC v. Fresh is Best, Inc.*, No. 19-cv-05935-JAK-AS, 2023 WL 3311113, at *6 (C.D. Cal. Apr. 19, 2023). Defendant argues that plaintiff has not met the first prong because plaintiff has failed to allege that defendant received a benefit *from plaintiff* where plaintiff's customers, rather than plaintiff, made deposits into an account with defendant that did not belong to plaintiff. (Doc. No. 5 at 4–5.)[2]

Plaintiff argues in opposition that defendant owed a duty to take proactive steps to prevent fraudulent deposits. (Doc. No. 6 at 5–6) (citing *Bhatia v. Silvergate Bank*, 725 F. Supp. 3d 1079, 1116 (S.D. Cal. 2024); *Attisha Enters., Inc. v. Capital One, N.A.*, 505 F. Supp. 3d 1051, 1056–57

---

[1] Plaintiff brings a cause of action for "restitution." (Doc. No. 1-1 at ¶¶ 11–13.) Although "[t]here is no freestanding cause of action for 'restitution' in California," *Munoz v. MacMillan*, 195 Cal. App. 4th 648, 661 (2011), such claims are treated "as an attempt to plead a cause of action giving rise to a right to restitution," *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004). "[R]estitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." *Id.* "Alternatively, restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct." *Id.* As in *McBride*, because there is no contract at issue here, "the only possible premise" of plaintiff's cause of action for restitution is that plaintiff is entitled to restitution "on a quasi-contract" theory based on defendant's "tortious conduct." *Id.* at 388–89. In such circumstances, the claim is one for "quasi contract . . . seeking the remedy of restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).

[2] Defendant does not make any argument regarding the sufficiency of plaintiff's allegations as to the second prong of the applicable legal standard governing such a claim.

1   (S.D. Cal. 2020)).  Given this duty, plaintiff argues that the right to restitution arises from

2   defendant improperly opening the offending account, receiving notice of the fraud, and not taking

3   appropriate action.  (Doc. No. 6 at 6) (citing *Cnty. of San Bernardino v. Walsh*, 158 Cal. App. 4th

4   533 (2007)).  Defendant argues in reply that plaintiff did not respond to defendant's argument in

5   substance and as such has conceded the point.  (Doc. No. 8 at 3.)  Defendant further argues that

6   the district court's decision in *Attisha Enterprises*, cited by plaintiff, supports dismissal of this

7   claim.  (Doc. No. 8 at 4.)

8           As an initial matter, the court agrees that plaintiff has not adequately responded to

9   defendant's argument in this regard.  (*See* Doc. No. 6 at 6.)  Moreover, "once an issue or claim is

10  properly before a court, the court is not limited to the particular legal theories advanced by the

11  parties, but rather retains the independent power to identify and apply the proper construction of

12  governing law."  *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991).

13          As to the substance of defendant's argument that it received no benefit *from plaintiff*, the

14  court concludes that this argument interprets the applicable law too narrowly.  To state a claim for

15  quasi-contract seeking restitution under California law, "a plaintiff must show that the defendant

16  received and unjustly retained a benefit *at the plaintiff's expense*."  *ESG Cap. Partners, LP v.*

17  *Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (emphasis added); *see also Bhatia*, 725 F. Supp. 3d

18  at 1126 ("Contrary to their assertion, [the d]efendants have not cited any authority supporting

19  their contention that [the d]efendants must have received the benefit directly from [the

20  p]laintiffs.").  According to California courts, and "[a]s the Restatement [(Third) of Restitution

21  and Unjust Enrichment] explains, where someone other than the plaintiff provided the benefit

22  [that] the defendants allegedly unjustly retained, as between the plaintiff and the defendant, the

23  plaintiff is entitled to restitution from the defendant where the plaintiff has a better legal or

24  equitable right."  *City of Oakland v. Oakland Raiders*, 83 Cal. App. 5th 458, 479 (2022) (internal

25  quotation marks and citation omitted).  "The Restatement cautions that the requirement [that] the

26  plaintiff demonstrate 'a better legal or equitable right' to the benefit in question is actually highly

27  restrictive."  *Id.*

28  /////

Here, plaintiff's customers intended to send payment to plaintiff and by mistake or fraud sent the money to an account with defendant. (Doc. No. 1-1 at ¶ 9.) Pursuant to the Restatement and on these facts as alleged, plaintiff has a better legal or equitable right to the deposits than defendant. *See* Rest. 3d of Restitution and Unjust Enrichment § 48 cmt. b (Am. L. Inst. 2011) ("A owes B $500. Intending to pay this debt, A sends $500 by mistake to C, to whom A has no obligation. C is liable to A by the rule of § 6 and to B by the rule of this section. C's payment of $500 to either of them discharges both of C's liabilities."). Therefore, the court concludes that plaintiff has adequately alleged that defendant received the funds at issue "at . . . plaintiff's expense." *ESG Cap. Partners*, 828 F.3d at 1038.

For the first time in reply, defendant argues in passing that the court's decision in *Attisha Enterprises* favors dismissal because in that case, the district court concluded that the California Uniform Commercial Code ("UCC") displaced the plaintiff's claims for negligence in accepting a transfer, negligence in releasing transferred funds to third parties, conversion, and money had and received. (Doc. No. 8 at 4); *see also Attisha Enters.*, 505 F. Supp. 3d at 1057–59. The court declines to consider this argument raised for the first time in defendant's reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").[3]

Accordingly, the court will deny defendant's motion to dismiss plaintiff's quasi-contract claim seeking restitution.

/////

---

[3] Nevertheless, the court notes that the district court in *Attisha Enterprises* concluded that UCC §§ 11101 *et seq.* ("Division 11") displaced the plaintiff's claims as they related to the bank's initial acceptance of fraudulent *wire* transfers. *Attisha Enters.*, 505 F. Supp. 3d at 1057. Division 11 governs "fund transfers" as defined in UCC § 11104. *Miller v. Bank of Am., N.A.*, No. 1:21-cv-00337-JLT, 2022 WL 3704093, at *3 (E.D. Cal. Aug. 26, 2022). Wire transfers unequivocally qualify as "fund transfers" within the meaning of § 11104. *Id.* In contrast here, plaintiff's complaint lists checks and ACH, not wire transfers, as the means by which funds were fraudulently diverted to an account with defendant. (Doc. No. 1-1 at ¶ 9.) "[T]he applicability of Division 11 to the . . . transfer methods in this case is somewhat unclear." *Miller*, 2022 WL 3704093, at *3; *cf. id.* ("Without further information, and absent a showing that all transfers at issue in this case constitute 'fund transfers' under § 11104, the Court declines to dismiss Plaintiff's claims on the ground that they are displaced by the California Uniform Commercial Code.").

        2.       <u>Plaintiff's Second Cause of Action for Accounting</u>

Defendant next argues that plaintiff's complaint fails to state a claim for an accounting. (Doc. No. 5 at 5–6.) "An action for an accounting has two elements: (1) 'that a relationship exists between the plaintiff and defendant that requires an accounting' and (2) 'that some balance is due the plaintiff that can only be ascertained by an accounting.'" *Sass v. Cohen*, 10 Cal. 5th 861, 869 (2020) (quoting *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009)). "An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." *Teselle*, 173 Cal. App. 4th at 179.

Defendant argues that plaintiff has failed to allege that it had any relationship with defendant. (Doc. No. 5 at 5.) According to defendant, even a customer relationship would be insufficient. (*Id.*) Plaintiff responds by arguing that the required relationship is sufficiently alleged between defendant and either plaintiff or Gurdip Samra as the actual member of Capital Express Lines, LLC, since an account opened for Capital Express Lines, LLC, should have been reviewable by Gurdip Samra. (Doc. No. 6 at 6.) Defendant responds by arguing that plaintiff does not allege a relationship between defendant and plaintiff itself. (Doc. No. 8 at 4.)

"The right to an accounting will often arise where the defendant has abused a special relationship with the plaintiff, such as in cases involving trusts, partnerships and domestic relations, or fiduciary relationships." *Meister v. Mensinger*, 230 Cal. App. 4th 381, 403–04 (2014). However, "a fiduciary relationship between the parties is not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting." *Id.* at 179. Here, plaintiff's allegations do not involve trusts, partnerships, domestic relations, or fiduciary relationships.[4] As such, the court turns to whether there otherwise exists a qualifying relationship between the parties to this action.

"The right to an accounting can arise from the possession by the defendant of money or property which, *because of the defendant's relationship with the plaintiff*, the defendant is obliged

---

[4] In connection with its restitution claim, plaintiff alleges defendant owed a duty to plaintiff. (Doc. No. 6 at 5–6) (citing *Bhatia*, 725 F. Supp. 3d at 1116; *Attisha Enters.*, 505 F. Supp. 3d at 1056–57). Any such duty would be a duty of care, not a fiduciary duty. *Bhatia*, 725 F. Supp. 3d at 1105 ("duty of care"); *Attisha Enters.*, 505 F. Supp. 3d at 1054 (same).

9

to surrender." *Teselle*, 173 Cal. App. 4th at 179–80 (emphasis added). As stated previously, plaintiff adequately alleges in its complaint that defendant is in possession of money or property to which plaintiff has a superior right. Still, plaintiff must allege a qualifying relationship with defendant to state a cognizable claim for an accounting. *Compare Robinson v. Bank of Am.*, No. 12-cv-00494-RMW, 2012 WL 1932842, at *1, *2, *10 (N.D. Cal. May 29, 2012) (finding persuasive the defendant's argument that the requisite relationship between the plaintiff and the defendant did not exist and dismissing the plaintiff's accounting claim even where the defendant bank owed the plaintiff money due to excess mortgage payments), *and First Am. Cinema, LLC v. Chicken Soup for the Soul Ent., Inc.*, No. 19-cv-09577-PSG-GJS, 2020 WL 11025582, at *9 (C.D. Cal. Mar. 12, 2020) (finding persuasive the defendants' argument that the requisite relationship between the plaintiff and the defendant did not exist and dismissing the plaintiff's accounting claim as to the defendants who profited as improper licensees of the plaintiff's intellectual property but who had no contact with nor conducted any business with the plaintiff), *with Rath v. Defy Media, LLC*, No. 2:18-cv-09624-ODW-RAO, 2019 WL 3067198, at *6 (C.D. Cal. July 12, 2019) (rejecting the defendant's argument that the requisite relationship between the plaintiffs and the defendant did not exist and denying the defendant's motion to dismiss the plaintiffs' accounting claim where the plaintiffs operated under the defendant's umbrella such that the defendant "possessed and managed" the plaintiffs' money on behalf of the plaintiffs' clients), *and Lazar v. Grant*, No. 17-cv-00309-RGK-PJW, 2017 WL 6942756, at *3 (C.D. Cal. Sept. 27, 2017) ("[The p]laintiffs are able to show an investment with [the defendant] over the course of several years. Such conduct is sufficient to establish the requisite relationship.").

The court concludes that plaintiff has failed to adequately allege a qualifying relationship between plaintiff and defendant. As stated previously, plaintiff argues that defendant had a qualifying relationship with either plaintiff or Gurdip Samra as the actual member of Capital Express Lines, LLC, since an account opened for Capital Express Lines, LLC, should have been reviewable by Gurdip Samra. (Doc. No. 6 at 6.) However, this argument relies on new allegations introduced for the first time in plaintiff's opposition and which are not included in plaintiff's operative complaint. (Doc. No. 1-1.) Such arguments may not be considered in

10

resolving defendant's motion to dismiss. *Schneider*, 151 F.3d at 1197 n.1 (9th Cir. 1998). Based on the complaint before it, the court finds that plaintiff has failed to sufficiently allege a qualifying relationship that would support a claim for accounting. *See Robinson*, 2012 WL 1932842, at *10.

Because the court finds that plaintiff has alleged no qualifying relationship with defendant, fiduciary or otherwise, plaintiff has failed to state a claim for accounting, and the claim must be dismissed. As a result, the court need not address defendant's additional arguments regarding plaintiff's accounting claim.[5]

      3.    <u>Leave to Amend</u>

Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Reasons "such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Servs.*, 911 F.2d 242, 247 (9th Cir. 1990). "Facts raised for the first time in [a] plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss with or without prejudice." *Broam*, 320 F.3d at 1026 n.2.

Here, plaintiff requests leave to amend, (Doc. No. 6 at 7), plaintiff's original complaint is pending before this court, (Doc. No. 1-1 at 3), and it is possible the deficiencies the court

---

[5] Nevertheless, the court notes that defendant's argument that plaintiff can calculate any amount owed by consulting its customer's unpaid invoices appears to have merit. (Doc. No. 5 at 6.) "An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." *Teselle*, 173 Cal. App. 4th at 179. Plaintiff's complaint alleges in a conclusory fashion that "[a]t this point, it is unclear the nature and scope of financial injury." (Doc. No. 1-1 at ¶ 10.) "Nowhere has [p]laintiff alleged facts to suggest that an ordinary legal action demanding a sum certain is impracticable." *Nan Hui Chen v. Deutsche Bank Nat'l Tr. Co.*, No. 13-cv-3352 YGR, 2014 WL 2738071, at *9 (N.D. Cal. June 9, 2014). Plaintiff should address this pleading deficiency in any forthcoming amended complaint.

11

1  identifies may be cured by the allegation of additional facts, *Cook*, 911 F.2d at 247.  Accordingly,
2  plaintiff will be granted leave to amend the complaint.

## CONCLUSION

For the reasons explained above,

1. Defendant's motion to dismiss (Doc. No. 5) is granted in part and denied in part as follows:

    a. Defendant's motion to dismiss plaintiff's quasi-contract claim seeking restitution is denied;

    b. Plaintiff's accounting claim is dismissed with leave to amend;

2. Within twenty-one (21) days from the date of entry of this order, plaintiff shall file either a first amended complaint, or a notice of its intent not to file a first amended complaint and to proceed only on the claim found to be cognizable in this order; and

3. If plaintiff files a notice of its intent not to file a first amended complaint, then defendant shall file an answer as to the claim found to be cognizable in this order within twenty-one (21) days of service of that notice.

IT IS SO ORDERED.

Dated:  **January 6, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

12